**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

     **vs.**                                 **Criminal Action 2:18-cr-208**
                                           **JUDGE ALGENON L. MARBLEY**

**GAMALIEL MARTINEZ-RAMIREZ**

## REPORT AND RECOMMENDATION

Defendant Gamaliel Martinez-Ramirez previously pleaded not guilty to an *Indictment* charging him with illegal reentry following removal after a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). The United States and defendant thereafter entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to that charge.[1]  On January 16, 2019, defendant, accompanied by his counsel and with the assistance of a Spanish translator, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

---

[1] In the *Plea Agreement*, ECF No. 16, defendant acknowledged the immigration consequences of his guilty plea. The *Plea Agreement* also includes an appellate waiver provision which preserves only certain claims for appeal.

1

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in the *Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on November 30, 2018, represents the only promises made by anyone regarding the charge in the *Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 1 of the *Indictment* because he is in fact guilty of that charge. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation

Office.  Defendant will be asked to provide information; defendant's
attorney may be present if defendant so wishes.  Objections to the
presentence report must be made in accordance with the rules of this
Court.

If any party seeks review by the District Judge of this *Report
and Recommendation,* that party may, within fourteen (14) days, file
and serve on all parties objections to the *Report and Recommendation,*
specifically designating this *Report and Recommendation,* and the part
thereof in question, as well as the basis for objection thereto.  28
U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be
filed within fourteen (14) days after being served with a copy
thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to
the *Report and Recommendation* will result in a waiver of the right to
*de novo* review by the District Judge and of the right to appeal the
decision of the District Court adopting the *Report and Recommendation.
See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of
Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States
v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 16, 2019                           *s/  Norah McCann King*
 Date                                      Norah McCann King
                                   United States Magistrate Judge